IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CHRIS BURLESON,

     Plaintiff,

v.                                  No. 06-2387 B

GREGORY A. ASH, LABOR
READY, INC., LABOR READY,
INC. d/b/a LABOR READY;
and LABOR READY,

     Defendants,

v.

LANDERS FORD, INC.,
d/b/a LANDERS FORD
OF MEMPHIS,

     Intervening Plaintiff.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS

The Plaintiff, Chris Burleson, brought the instant action against the Defendants, Gregory Ash and Labor Ready, Inc. d/b/a Labor Ready ("Labor Ready") for personal injuries arising out of a workplace accident. Before the Court is the Defendants' August 21, 2006 motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Fed. R. Civ. P. 12(b)(6) (authorizing dismissal of a lawsuit for failure to state a claim upon which relief can be granted). The Plaintiff as well as the Intervening Plaintiff, Landers Ford, Inc. d/b/a Landers Ford of Memphis

("Landers Ford")[1] have responded, and this motion is now appropriate for disposition.

## BACKGROUND

The Plaintiff has alleged the following in his Complaint. On July 12, 2005, Burleson was working for Landers Ford as a technician. (Compl. ¶ 6). On the same day, Ash, while employed by Labor Ready, negligently drove a "2005 Ford SUV" through the wall of a building where the plaintiff was working, striking him. (Id., ¶¶ 6-7).

Labor Ready's motion to dismiss argues that Ash and the Plaintiff were both employees of Landers Ford at the time of the accident and that therefore, the Plaintiff's exclusive remedy was under the Tennessee Worker's Compensation Act. See Tenn. Code Ann. § 50-6-101 et seq. As such, Labor Ready also argues that the Plaintiff was obligated to "submit the dispute to the benefit review conference process provided by the division of workers' compensation." Tenn. Code Ann. § 50-6-225(a)(1). Burleson and the Intervening Plaintiff thereafter responded, contending that Ash was an employee of Labor Ready not Landers Ford at the time of his injury and that therefore, the Tennessee Worker's Compensation Act does not operate as a bar to Burleson's action against Ash and Labor Ready. Finally, the Intervening Plaintiff contends that the Plaintiff's submission of a document outside the pleadings in his response to the motion to dismiss converts the motion to one for summary judgment that must be disposed of as provided for under Federal Rule of Civil Procedure 56.

## STANDARD OF REVIEW

Rule 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief

---

[1]On October 10, 2006, Magistrate Judge Tu Pham granted the motion of Landers Ford to intervene based upon its claim of subrogation for the worker's compensation benefits it paid to the Plaintiff for his injuries from the accident which the is subject of this lawsuit.

2

could be granted.  <u>See</u> Fed. R. Civ. P. 12(b)(6). The Rule requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief."  <u>Grindstaff v. Green</u>, 133 F.3d 416, 421 (6th Cir. 1998).  "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim."  <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).  However, "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim."  <u>Wittstock v. Mark A. Van Sile, Inc.</u>, 330 F.3d 899, 902 (6th Cir. 2003).

## ANALYSIS

Rule 12 of the Federal Rules of Civil Procedure provides that

> [i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Initially, the Court concludes that it need not consider the document submitted by the Plaintiff purporting to show that Ash received his paycheck from Labor Ready as its consideration is not necessary to the Court's ruling on the instant motion.  <u>See</u> <u>Medrano v. MCDR, Inc.</u>, 366 F. Supp. 2d 625, 636 (W.D. Tenn. 2005) (stating it is within the sound discretion of a trial court to exclude matters outside the pleadings and consider the motion under the Rule 12(b)(6) standard); <u>see also</u> <u>Batt v. United States</u>, 976 F. Supp. 1095, 1096-97 (N.D. Ohio 1997) (internal citation omitted) ("The decision to exclude material outside the pleadings is entirely within the discretion of the trial

3

court.").  Therefore, the Court will treat the motion as one to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, applying the foregoing standard of review.

In this case, the complaint states that Ash was an employee of Labor Ready at the time of his accident.  Labor Ready's motion contends that Ash was an employee of Landers Ford.  Landers Ford responds that Labor Ready employed Ash.  In deciding the Defendants' motion from the current status of the pleadings, the Court must "construe the complaint in the light most favorable to the plaintiff, <u>accept all of the complaint's factual allegations as true</u>, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." <u>Grindstaff</u>, 133 F.3d at 421 (emphasis added).[2]  Accepting the allegation in the Complaint that Ash was employed by Labor Ready as true, the Court finds the Defendants' motion is not well taken and is therefore DENIED.[3]

_____

[2]Perhaps after discovery is conducted, the question of Ash's employment status with Labor Ready and/or Landers Ford can be more fully presented.  At this point, the parties have only submitted allegations and arguments as to Ash's employment relationship and without more, Defendants' request for relief is premature.

[3]Concerning the Defendants' argument that the Plaintiff had to first submit this dispute to a worker's compensation panel, Tenn. Code Ann. § 50-6-225 provides:

> <u>Actions and proceedings; petitions; appeal and review; special workers compensation appeals panel</u>
>
> (a)(1) Notwithstanding any provisions of this chapter to the contrary, in case of a dispute over or failure to agree upon compensation under the Workers' Compensation Law, compiled in this chapter, <u>between the employer and employee</u> or the dependent or dependents of the employee, the parties shall first submit the dispute to the benefit review conference process provided by the division of workers' compensation.

(Emphasis added).  The Court finds that this provision is not applicable as Burleson is not disputing his compensation under the Act with Landers Ford but rather has filed suit seeking

**IT IS SO ORDERED** this 1st day of February, 2007.

s/  J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

recovery against a third-party tortfeasor.  Therefore, Tenn. Code Ann. § 50-6-225(a)(1) is
inapplicable to the instant facts.